

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-18-00373-CV**

**IN RE GLORIA WALKER**

**Original Proceeding**

## MEMORANDUM OPINION AND ORDER

Who gets the 2018 Wrangler NFR rodeo tickets—Mom, Son, or neither? The tickets are presently being held in the registry of the trial court. The rodeo has already begun in Las Vegas, Nevada and will end on Friday, December 15, 2018. If the tickets are not delivered to someone, they will become worthless.

The underlying dispute is between Gloria Walker and her son, Byron Walker over the ownership of the license for NFR season tickets which is currently registered to Gloria as the sole owner.

Byron filed a traditional motion for summary judgment on his claims which was denied by the trial court. Gloria had also filed an emergency motion with the trial court to release the tickets from the registry of the trial court. Gloria's motion was denied. In

both the order denying the motion for summary judgment and the order denying Gloria's emergency motion, the trial court determined there are fact issues to be decided by a jury to determine who owns the license and thus who would be entitled to purchase and own the 2018 tickets. The trial court also determined that because of those fact questions, the 2018 tickets would remain in the registry of the trial court. In responding to the emergency motion, Byron did not seek delivery of the tickets to himself. Rather, he argued that Gloria had "agreed to allow Teddi [his sister] to use the NFR tickets in December and [the fact] that Teddi subsequently made travel arrangements pursuant to that agreement is unfortunate but not persuasive for the relief" requested. Gloria brings this emergency mandamus proceeding to compel the trial court to order the delivery of the tickets to Gloria as the current registered owner so that the tickets can be used rather than become worthless. We grant the requested relief.

Due to the exigency of the circumstances and the nature of this memorandum opinion and order we will not engage in an extended discussion of the case law, evidence, or arguments of the parties. The parties are well-aware of the facts, allegations, procedural posture of the case, authorities cited, and the arguments of the parties in this proceeding. The petition was filed on Friday, December 7, 2018 at approximately 4:00 PM. One of the justices of this Court recused himself and by 10:00 PM the remaining justices had issued an order for a response to be filed by 12:00 PM (Noon) on Monday, December 10, 2018. Another judge has been assigned to the panel by order of the Chief

Justice of the Texas Supreme Court. We issue this order/opinion on an expedited basis due to the nature of the issues as presented.

One of the issues in the underlying suit between Gloria Walker and her son Byron Walker is whether Gloria has breached an agreement to transfer the license to purchase the tickets to Byron. Based on the petition, response, and supporting records there seems to be no dispute that as of this date the license has not been formally transferred to Byron. Las Vegas Events, Inc., is the entity that maintains a registry of the license holders and actually sells the tickets to the holder of the license. LVE has not changed the registered owner of the license and so LVE's records continue to reflect that Gloria owns the license. The tickets were paid for with a check issued by Gloria's daughter Teddi, who is Byron's sister. Pursuant to an agreed order between LVE and Byron, but without Gloria's consent, LVE placed the tickets in the registry of the trial court.

In this mandamus proceeding, we do not address or resolve the legal issues surrounding the circumstances leading to the placement of the tickets in the registry of the trial court. We do not address or resolve the ownership of the license. We do not address or resolve whether there was a contract to transfer the license or whether there has been a breach thereof, if any. All we address, under the facts and procedure as presented to us in this mandamus proceeding, is the possession of the 2018 tickets which have been purchased and paid for under the license as currently reflected in the records of LVE.

We have jurisdiction of this mandamus proceeding and it is clear that appellate relief will be inadequate. *See In Re Prudential Ins. Co. of America*, 148 S.W. 3d 124 (Tex. 2004).

The tickets are a wasting asset. Solely based upon the passage of time they will become worthless if not used for the scheduled event. The trial court abused its discretion in ordering the tickets to be held in the registry of the trial court. Gloria has established that the registry for the license to purchase the tickets remains in her name in the records of LVE. We hold that the tickets should be delivered over to Gloria or her attorney of record as soon as possible.

Gloria's petition for a writ of mandamus is conditionally granted. The trial court is ORDERED to immediately withdraw its order denying Gloria's emergency motion and to order the trial court clerk, or the person with possession, custody, or control of the tickets, to release the tickets received from Las Vegas Events, Inc. currently held in the registry of the trial court to Gloria Walker or her attorney of record and to obtain a receipt therefore from the person to whom they are delivered. The tickets must be made available to the ordered recipient no later than 4:00 PM on Monday, December 10, 2018, Central Standard Time. The trial court is ordered to immediately notify the attorneys to this proceeding when the order is issued and also to notify them of the location and person from whom the tickets can be obtained. We find no reason to believe that the trial

court will not comply with this opinion and order.  The writ of mandamus will issue only upon the trial court's failure to timely comply with all aspects of this order and opinion.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Judge Coley[1]
Conditionally granted
Opinion delivered and filed December 10, 2018
[OT06]



---

[1] The Honorable Gary Coley, Judge of the 74th District Court of McLennan County, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (West 2013).